**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| SHAWN SIMMONS, | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 4:26-cv-20 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| BRIAN ELLER, | ) | Magistrate Judge Steger |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM & ORDER

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a memorandum in support thereof challenging his Lincoln County conviction for first-degree murder by asserting that new evidence shows he is actually innocent of first-degree murder. [Docs. 1, 3]. The United States District Court for the Middle District of Tennessee transferred the petition to this Court [Doc. 10] after Petitioner paid the filing fee [Doc. 9]. For the reasons set forth below, the Court finds that the § 2254 petition is second or successive, and it will therefore **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §§ 2244(b)(2)(B) and 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner previously filed an unsuccessful § 2254 challenging a Lincoln County first-degree murder conviction. *Simmons v. Lindamood*, No. 1:14-cv-246 (E.D. Tenn. Sept. 7, 2017). Under 28 U.S.C. § 2244(b)(3), Petitioner must obtain permission from the Sixth Circuit prior to filing a second or successive § 2254 petition with this Court. Accordingly, the Court must determine whether the instant "second in time" petition is second or successive and thus requires Petitioner to obtain permission from the Sixth Circuit under § 2244(b)(3) before proceeding herein.

A habeas corpus petition is second or successive when it challenges the same judgment that that the petitioner challenged in a prior § 2254 petition, the new claim the petitioner now raises was ripe when he filed the prior § 2254 petition, and the Court did not dismiss the prior habeas corpus petition because it contained unexhausted claims without addressing any claims on the merits. *In re Hill*, 81 F.4th 560, 568–72 (6th Cir. 2023) ("When a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is 'second or successive.'"); *In re Coley*, 871 F.3d 455, 457–58 (6th Cir. 2017) (noting that the exception to the limitation on second or successive § 2254 petitions for unexhausted claims applies only where the court dismissed the prior petition because it contained unexhausted claims without addressing other claims on the merits).

For the reasons set forth below, the Court finds that (1) the instant petition challenges the same judgment Petitioner challenged in his prior § 2254 petition; (2) Petitioner's actual innocence claim was ripe when he filed his prior § 2254 petition, as the factual predicate for that claim had already occurred; and (3) because the Court did not dismiss Petitioner's prior § 2254 petition due to lack of exhaustion and instead addressed the claims therein on the merits, the fact that the actual innocence claim that Petitioner seeks to bring herein was unexhausted when he filed his prior § 2254 petition does not excuse him from meeting the gatekeeping requirement of § 2244(b)(3).

## I.     SAME JUDGMENT

First, Petitioner now challenges the same judgment that he challenged in his prior § 2254 petition. Notably, Petitioner states in the instant petition that he challenges a 2008 Lincoln County first-degree murder conviction [Doc. 1 p. 1], while in his previous petition, he challenged a 2009 Lincoln County first-degree murder conviction. *Simmons v. Lindamood*, No. 1:14-cv-246 (E.D.

Tenn. Sept. 7, 2017), Doc. 1 p. 1. It is nonetheless apparent that both of his § 2254 petitions challenge the same judgment.

Specifically, the Court takes judicial notice of the fact that Petitioner is currently serving a sentence for a 2009 first-degree murder conviction from Lincoln County, Tennessee. https://foil.app.tn.gov/foil/details.jsp (last visited April 28, 2026). In both this petition and his prior petition, he references the same Tennessee Court of Criminal Appeals ("TCCA") opinion, *State v. Simmons*, No. M2009-01362-CCA-R3-CD, 2010 WL 3719167 (Tenn. Crim. App. Sept. 23, 2010), denying his direct appeal of his Lincoln County first-degree murder conviction [*Compare* Doc. 1 p. 2 with *Simmons v. Lindamood*, No. 1:14-cv-246, Doc. 1 p. 2]. Additionally, in that direct appeal opinion, the TCCA states that "Angie Hill" was present at the February 2008 incident underlying Petitioner's first-degree murder conviction in Lincoln County. *Id.* at *1. This corresponds with both (1) Petitioner's current assertion that Angela Hill witnessed the events underlying the Lincoln County first-degree murder conviction that he now seeks to challenge based on new evidence from Ms. Hill [Doc. 1 p. 4, 10], and (2) the factual background in the memorandum opinion denying Petitioner's prior § 2254 petition on the merits, which also states Ms. Hill was a witness to the incident underlying the challenged Lincoln County first-degree murder conviction. *Simmons v. Lindamood*, No. 1:14-cv-246, Doc. 20 p. 2–3.

Accordingly, the Court finds that Petitioner challenges the same judgment in his § 2254 petition that he challenged in his previous § 2254 petition.

## II.   RIPENESS AND EXHAUSTION

The Court must now determine whether the actual innocence claim Petitioner seeks to bring was unripe or unexhausted such that the Court could consider it without Petitioner first meeting the gatekeeping requirement of § 2244(b)(3). *In re Hill*, 81 F.4th at 569. The facts underlying the

newly-discovered evidence on which Petitioner relies for his actual innocence claim had occurred at the time Petitioner filed his prior petition. The Court did not dismiss Petitioner's prior § 2254 petition due to a lack of exhaustion but instead addressed the claims on the merits. Accordingly, the Court finds that Petitioner's actual innocence claim was not unripe or unexhausted in a manner that allows the Court to address that claim without him first meeting the gatekeeping requirement of § 2244(b)(3).

The Court will first summarize the actual innocence claim Petitioner seeks to bring herein before addressing ripeness and exhaustion.

## A.      Actual Innocence Claim

In his petition and memorandum herein, Petitioner asserts that new video deposition evidence from Angela Hill, a witness to the incidents underlying his first-degree murder conviction, establishes that he is actually innocent of first-degree murder, as that evidence would have resulted in a different result in his trial. [Doc. 1 p. 4–5; Doc. 3 p. 5–10]. Petitioner specifically states in relevant part that Ms. Hill testified in her video deposition that, in the incident underlying Petitioner's first-degree murder conviction, (1) Petitioner was home when the deceased and his friends approached Petitioner, (2) the deceased and his friends were armed and intended to harm Petitioner, and (3) after Petitioner shot the deceased, the deceased's friends left him in a car for thirty minutes while the deceased's friends hid their weapons and "got their stories straight," thereby causing the deceased to die of blood loss [Doc. 1 p. 4; Doc. 3 p. 8–10].

Fairly recently, Petitioner filed a writ of error coram nobis in the state court based on this same new evidence from Ms. Hill. [Doc. 1 p. 5]. The state court summarily denied the writ, and the TCCA affirmed that denial. *Simmons v. State*, No. M2024-01590-CCA-R3-ECN, 2025 WL 1880388, at *2 (Tenn. Crim. App. July 8, 2025), *perm. app. denied* (Tenn. Oct. 8, 2025).

## B. Ripeness

The events giving rise to Petitioner's actual innocence claim occurred at the time of the events underlying his murder conviction, well before Petitioner filed his prior § 2254 petition. Petitioner's actual innocence claim was ripe when he filed his prior § 2254 petition. *In re Hill*, 81 F. 4th at 570–72 (holding that as "the events giving rise to" the habeas corpus petitioner's claims based on newly discovered evidence had occurred when the petitioner filed his previous § 2254 petition, the most recent § 2254 petition was second or successive, and the district court thus could not consider the petition until after the court of appeals determined that the petitioner met the requirements of § 2244(b)(2)(B)) (citations omitted).

## C. Exhaustion

Next, the Court did not dismiss Petitioner's prior § 2254 petition due to any claim therein being unexhausted but instead addressed his claims on the merits. *Simmons v. Lindamood*, No. 1:14-cv-246, Doc. 20. So, Petitioner's actual innocence claim was not "unexhausted" when he filed that prior § 2254 petition in a manner that entitles him to bring that claim in this subsequent § 2254 action without meeting the gatekeeping requirement of § 2244(b)(3). *In re Coley*, 871 F.3d at 457–58 (noting that the exception to the limitation on second or successive § 2254 petitions for unexhausted claims applies only where the court dismissed the earlier petition because it contained unexhausted claims without addressing claims on the merits).

## III. CONCLUSION

For the reasons set forth above, the instant petition is second or successive. Therefore, Petitioner must obtain authorization from the Sixth Circuit before he may pursue this action. *See* 28 U.S.C. § 2244(b)(3). Because it does not appear that Petitioner has obtained such authorization,

the Clerk is **DIRECTED** to transfer this entire action to the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), and to **CLOSE** this case.

    **SO ORDERED.**

        */s/ Charles E. Atchley, Jr.*
        **CHARLES E. ATCHLEY, JR.**
        **UNITED STATES DISTRICT JUDGE**

6